1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

WADE WARNER,

Case No. 21-cv-05666-HSG

8

Plaintiff,

**ORDER GRANTING MOTION TO DISMISS**

9

v.

Re: Dkt. No. 13

10

DENNIS DELANO,

11

Defendant.

12
13

Pending before the Court is Defendant Dennis Delano's motion to dismiss.  Dkt. No. 13.

14

The Court finds this matter appropriate for disposition without oral argument and the matter is

15

deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS** the

16

motion.

17

**I.    BACKGROUND**

18

Plaintiff Wade Warner filed this action against Defendant on July 23, 2021, alleging

19

violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights

20

Act.  *See* Dkt. No. 1 ("Compl.").  Plaintiff alleges that he attempted to shop at Defendant's store,

21

Fairfax Market, on May 30, 2021, but was denied access.  *See id.* at ¶¶ 1–3, 8–11.  Plaintiff states

22

that Defendant would not permit Plaintiff to shop in the store because he was not wearing a mask.

23

*See id.* at ¶ 9.  Plaintiff does not describe the nature of his disability, but asserts that "he has a

24

medical exemption and cannot wear a mask over his face."  *See id.* at ¶ 9.  Plaintiff therefore

25

concludes that Defendant violated the ADA and Unruh Civil Rights Act by discriminating against

26

him by denying him the ability to shop at the store as a non-disabled person can.  Plaintiff further

27

contends that he experienced "mild emotional distress" as a result.  *Id.* at ¶ 16.

28

On September 10, 2021, Defendant filed a motion to dismiss styled as a letter to the Court.

1    Dkt. No. 13.  The Court directed briefing on this motion.  *See* Dkt. Nos. 14, 17.

2    ## II.    LEGAL STANDARD

3          Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

4    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

5    defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

6    granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

7    complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

8    *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

9    12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

10   on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

11   when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

12   the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13         In reviewing the plausibility of a complaint, courts "accept factual allegations in the

14   complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

15   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,

16   courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

17   fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

18   2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

19         Even if the court concludes that a 12(b)(6) motion should be granted, the "court should

20   grant leave to amend even if no request to amend the pleading was made, unless it determines that

21   the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

22   F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

23   ## III.   DISCUSSION

24         The Court construes Defendant's motion to dismiss liberally, as it must.  *See Bernhardt v.*

25   *Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se

26   pleadings liberally, including pro se motions as well as complaints.").  Through this lens,

27   Defendant argues that this case should be dismissed because Plaintiff does not adequately allege

28   discrimination under the ADA.  *See* Dkt. No. 13.  Defendant states that the store was simply

United States District Court
Northern District of California

2

complying with the guidance provided by the Centers for Disease Control; the Marin County

Public Health Department; the Town of Fairfax; and Cal-Osha due to the COVID-19 pandemic.

*See id.* at 2.  He further contends that his store provided adequate accommodations for Plaintiff.

*Id.* at 1–2.  Defendant explains:  (1) Plaintiff entered the store without a mask; (2) the manager

offered him a mask to wear but Plaintiff denied the mask, claiming he had medical reasons for

refusing; (3) the manager offered to do Plaintiff's shopping for him and asked him to wait outside

if he could not wear a mask; (4) Plaintiff became aggressive and the manager called the police;

(5) the police asked Plaintiff to leave, and when he refused, he was arrested for trespassing.  *See*

*id.*  Defendant has included statements from Fairfax Market employees who were present for this

exchange.  *See id.* at 3–4.

Plaintiff responds that he has provided sufficient factual allegations to support both his

claims because he has alleged that (1) he has a disability; (2) the Fairfax Market is a place of

public accommodation; and (3) Defendant discriminated against him on the basis of his disability.

*See* Dkt. No. 18 4–5.  Plaintiff further argues that at this stage the Court cannot consider any

extrinsic evidence about the nature or veracity of Plaintiff's allegations.[1]  *See id.* at 5–6.  The

Court of course acknowledges that it must accept the allegations in the complaint as true for

purposes of the motion to dismiss.  Nevertheless, the Court finds that even when read in the light

most favorable to Plaintiff, the complaint is deficient.

Under the ADA, "no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of services, programs, or

activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C.

§ 12132.  A disability for purposes of the ADA is defined as "a physical or mental impairment that

substantially limits one or more major life activities of such individual"; "a record of such an

impairment"; or "being regarded as having such an impairment."  42 U.S.C. § 12102(1).  "Major

---

[1] To the extent Plaintiff filed separate evidentiary objections to the letters that Defendant attached
to the motion to dismiss, Dkt. No. 19, this was improper.  Under the Local Rules, "[a]ny
evidentiary and procedural objections to the motion must be contained within the brief or
memorandum."  *See* Civil L.R. 7-3(a).  The Court therefore **STRIKES** Dkt. No. 19 from the
docket.  The Court cautions Plaintiff that moving forward, the Court expects him to fully comply
with the Local Rules.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  life activities," in turn, include "caring for oneself, performing manual tasks, seeing, hearing,

2  eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading,

3  concentrating, thinking, communicating, and working." *Id.* at § 12102(2)(A).  However, Plaintiff

4  does not explain how he meets the statutory definition.  Rather, he simply asserts that he is "a

5  disabled individual," who "has a medical exemption and cannot wear a mask over his face."  *See*

6  Compl. at ¶¶ 1–2, 9.  This is insufficient.  Plaintiff has not made sufficient factual allegations for

7  the Court to conclude that Plaintiff is disabled for purposes of the ADA.

8          The Court notes that it has other significant concerns about the viability of Plaintiff's legal

9  claims, especially if Defendant's account of events is accurate.  As the Department of Justice

10  highlighted in a press release in June 2020 regarding the use of masks during the COVID-19

11  pandemic, "[t]he ADA does not provide a blanket exemption to people with disabilities from

12  complying with legitimate safety requirements necessary for safe operations."[2]  Under the ADA, a

13  public entity must only "make *reasonable modifications* in policies, practices, or procedures when

14  the modifications are necessary to avoid discrimination on the basis of disability, unless the public

15  entity can demonstrate that making the modifications would fundamentally alter the nature of the

16  service, program, or activity."  28 C.F.R. § 35.130(b)(7)(i) (emphasis added).  Moreover, several

17  courts have dismissed claims similar to those Plaintiff asserts here, explaining that the ADA does

18  not "'require an entity to permit an individual to participate in or benefit from the goods, services,

19  facilities, privileges, advantages and accommodations of such entity where such individual poses a

20  direct threat to the health or safety of others.'"  *See, e.g.*, *Giles v. Sprouts Farmers Mkt., Inc.*, No.

21  20-CV-2131-GPC-JLB, 2021 WL 2072379, at *5–6 (S.D. Cal. May 24, 2021) (quoting 42 U.S.C.

22  § 12182(b)(3)); *Witt v. Bristol Farms*, No. 21-CV-00411-BAS-AGS, 2021 WL 5203297, at *5–7

23  (S.D. Cal. Nov. 9, 2021) (same).  The Court will carefully consider such arguments and the related

24  underlying evidence if this case proceeds given the backdrop of on an ongoing global pandemic.

25          Despite the Court's concerns about Plaintiff's apparent theory, the Court cannot say at this

26

27  [2] *See* DEPARTMENT OF JUSTICE OFFICE OF PUBLIC AFFAIRS, *The Department of Justice Warns of Inaccurate Flyers and Postings Regarding the Use of Face Masks and the Americans with*

28  *Disabilities Act*, https://www.justice.gov/opa/pr/department-justice-warns-inaccurate-flyers-and-postings-regarding-use-face-masks-and (Last Accessed Nov. 23, 2021).

stage that amendment would be futile.  There is a presumption under Federal Rule of Civil Procedure 15 that "[t]he court should freely give leave [to amend] when justice so requires."  *See* Fed. R. Civ. P. 15.  And the Ninth Circuit has further emphasized that "[t]his policy is to be applied with extreme liberality."  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  The Court therefore grants Plaintiff leave to amend.

## IV.     CONCLUSION

Accordingly, the Court **GRANTS** the motion with leave to amend.  Plaintiff shall file an amended complaint within 21 days of this order, if he and his counsel can do so consistent with their Rule 11 obligations.  Plaintiff may not add any additional defendants or new claims.

The Court understands from Defendant's motion that he has been unable to find an attorney to represent him in this action.  *See* Dkt. No. 13 at 1.  To the extent this case proceeds, the Court again encourages Defendant to seek assistance at the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants.  More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help.  Appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated:  11/24/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge