UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE WARNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DENNIS DELANO,<br><br>　　　　Defendant. | Case No. 21-cv-05666-HSG<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 33, 36 |

Pending before the Court is Plaintiff Wade Warner's motion for default judgment. Dkt. No. 33. The Court referred the matter to a magistrate judge to prepare a report and recommendation on the motion. Dkt. No. 35. The Court has reviewed Magistrate Judge Kim's report and recommendation, Dkt. No. 36, as well as Plaintiff's objection to the report, Dkt. No. 37. For the reasons stated below, the Court adopts the report's recommended disposition, albeit on different grounds, and **DENIES** the motion for default judgment.

## I.   BACKGROUND

### A.   Plaintiff's Allegations

Plaintiff alleges that in April 2021—in the midst of the COVID-19 pandemic—he attempted to shop at Defendant Dennis Delano's store, Fairfax Market, but was denied access because he was not wearing a mask. Dkt. No. 23 ("FAC") at ¶ 3. Plaintiff states that he is disabled due to severe anxiety, which limits his social interactions and ability to drive long distances. *See id.* at ¶ 15. Plaintiff claims that this anxiety is exacerbated when he wears a mask, so his doctor provided him with "a written medical exemption." *Id.* at ¶ 16. He offered to provide this exemption to the staff at Fairfax Market when they refused him access. *Id.* Despite Defendant's prior indication that someone offered to shop on Plaintiff's behalf, *see* Dkt. No. 13 at

1, Plaintiff alleges that staff did not offer the opportunity to have someone shop for him and simply refused him access. *Id.* at ¶¶ 11, 18. Plaintiff thus alleges that he was discriminated against due to his disability, in violation of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). *Id.* at ¶¶ 12, 14–27. He seeks injunctive relief under the ADA, $4,000 in statutory damages under the Unruh Act, and attorneys' fees and costs. *See* FAC at 7 ("Relief Sought").

### B. Procedural History

Plaintiff initially filed his complaint in July 2021. *See* Dkt. No. 1. Defendant moved to dismiss the complaint, Dkt. No. 13, and the Court granted the motion with leave to amend. *See* Dkt. No. 22. Plaintiff accordingly filed an amended complaint in December 2021. *See* FAC. When Defendant did not file a response to the amended complaint, Plaintiff moved for entry of default. *See* Dkt. No. 25. The Clerk entered default, Dkt. No. 26, and Plaintiff filed a motion for default judgment, Dkt. No. 33. Judge Kim recommended that the Court deny the motion for default judgment for failure to state a claim. *See* Dkt. No. 36. Plaintiff subsequently filed an objection. *See* Dkt. No. 37. The Court therefore considers Plaintiff's motion for default judgment.

## II. LEGAL STANDARD

Following an entry of default, the Court may enter a default judgment upon request. Fed. R. Civ. P. 55(b)(2). However, the Court's decision to enter a default judgment is "discretionary." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has indicated that "default judgments are generally disfavored," and that "[w]henever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). When considering a motion for default judgment, a court must take "the well-pleaded factual allegations in the complaint as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quotation omitted). However, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

The Court also has an "affirmative duty" to examine its jurisdiction over "both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). And it must determine

whether service of process on the defendant was proper. *See Craigslist, Inc. v. Naturemarket*, Inc., 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010); *cf. Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (holding default judgment invalid due to improper service, even where defendant had actual notice of the action).

### III. DISCUSSION

As an initial matter, the Court has concerns that service of process was not proper.[1] It is unclear how Defendant was served with the amended complaint. The proof of service states that Defendant was served "by delivery to Plaintiff's address." *See* Dkt. No. 24 at 2. Plaintiff's counsel states that he "delivered [the amended complaint] to the address shown in a sealed envelope . . . ." *Id.* The proof then lists the address of Fairfax Market. *Id.*

Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law, in turn, permits both personal and substituted service. *See* Cal. Civ. Proc. Code §§ 415.10, 415.20; *see also* Fed. R. Civ. P. 4(e)(2) (permitting personal service). Yet the proof of service does not state that counsel gave the envelope directly to Defendant as would be required for personal service. *See* Dkt. No. 24. It is not clear that Defendant was even present at the store when counsel arrived. Rather, the proof simply states that the amended complaint was delivered to Defendant's work address.

To the extent the proof suggests that Defendant was served through substituted service, it also does not contain sufficient information to establish that service was proper. Under California Code of Civil Procedure § 415.20:

> [A] summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, *with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to*

---

[1] As Judge Kim found, if service was proper the Court has jurisdiction over this matter. *See* Dkt. No. 36 at 2.

> *the person to be served at the place where a copy of the summons and complaint were left.* When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof.

Cal. Civ. Proc. Code § 415.20 (emphasis added).  Here, there is no indication that counsel left the amended complaint with anyone "apparently in charge" and over the age of eighteen at the store, or that counsel subsequently mailed the amended complaint as required under § 415.20.  In short, the record does not contain sufficient information for the Court to determine that Defendant was properly served.[2]

## IV. CONCLUSION

Accordingly, the Court adopts the report and recommendation on different grounds, and **DENIES** the motion for default judgment.  Plaintiff is further **DIRECTED** to complete proper service on Defendant—or amend the proof of service with sufficient detail to establish proper service—within 21 days of this order.  If Plaintiff fails to complete service by this deadline, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: 3/1/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The report and recommendation appears to accept counsel's representation that he properly served Defendant with the amended complaint, and concludes that "Plaintiff's attorney served the Amended Complaint by mail on Defendant."  *See* Dkt. No. 36 at 2.  But in looking at the proof of service more closely, although counsel states that he placed the amended complaint "in a sealed envelope," he does not state that he placed it in the mail.  *See* Dkt. No. 24.  Rather, as explained above, he states that he "delivered [it] to the address" for the Fairfax Market.  *Id.*  Counsel appears to have served the motion for default judgment in the same manner.  *See* Dkt. No. 33-3 (noting that the motion was served "by hand" by "deliver[ing] [it] in a sealed envelope addressed" to the Fairfax Market).