UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WADE WARNER, <br>           Plaintiff, <br> v. <br> DENNIS JAY DELANO, <br>           Defendant. | Case No. 21-cv-05666-HSG <br> **ORDER TO SHOW CAUSE** |

      Plaintiff Wade Warner filed this action against Defendant Dennis Delano on July 23, 2021. *See* Dkt. No. 1. The Court previously granted Defendant's motion to dismiss, Dkt. No. 22, and Plaintiff filed an amended complaint, Dkt. No. 23 ("FAC"). Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act by denying him the ability to shop at the Fairfax Market without a mask in April 2021 based on concerns about COVID-19. *See* FAC at ¶¶ 2–3, 10–11, 14–27. Defendant has moved to dismiss the FAC in its entirety. *See* Dkt. No. 46.

      In the process of reviewing Defendant's motion to dismiss, a more fundamental issue has come to the Court's attention regarding its subject matter jurisdiction.[1] Article III of the U.S. Constitution limits the jurisdiction of federal courts to live "cases" or "controversies." U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation

---

[1] "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists . . . ." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted).

omitted). "Because a private plaintiff can sue only for injunctive relief (*i.e.*, for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). As relevant here, several cases have concluded that claims based on COVID-19 safety policies are moot and federal courts lack subject matter jurisdiction following the lifting of such restrictions. *See, e.g.*, *Pletcher v. Giant Eagle Inc.*, No. CV 2:20-754, 2022 WL 17488019, at *4–8 (W.D. Pa. Dec. 7, 2022) (collecting cases); *cf. Brach v. Newsom*, 38 F.4th 6, 11–15 (9th Cir. 2022) (finding moot plaintiff's request for injunction and declaratory judgment regarding California school reopening plan during COVID-19 pandemic because state had lifted all restrictions on school reopening). Since this case was filed, California has ended its mask mandate and the COVID-19 state of emergency that Defendant relied on when enforcing a mask mandate in his store. *See* Dkt. No. 46 at 3.

The Court accordingly **DIRECTS** Plaintiff **TO SHOW CAUSE** why (1) the Court retains subject matter jurisdiction over the ADA claim; and (2) if it does not, why the Court should nevertheless exercise supplemental jurisdiction over the remaining Unruh Act claim. Plaintiff is directed to file his response to this order to show cause by June 20, 2023. Defendant shall file a response by June 27, 2023, and should indicate whether the Fairfax Market still requires patrons to wear a mask or when it lifted such protocols if they are no longer in place. The matter will be deemed submitted once the briefing is complete unless the Court determines that a hearing is necessary. The Court further **VACATES** the June 15, 2023 hearing on the motion to dismiss and the initial case management conference. The Court will reset the hearing if necessary once this jurisdictional question has been resolved.

**IT IS SO ORDERED.**

Dated: 6/6/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge