UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE WARNER,<br><br>        Plaintiff,<br><br>    v.<br><br>DENNIS JAY DELANO,<br><br>        Defendant. | Case No. 21-cv-05666-HSG<br><br>**ORDER DISMISSING CASE** |

Plaintiff Wade Warner filed this action against Defendant Dennis Delano on July 23, 2021. *See* Dkt. No. 1. The Court previously granted Defendant's motion to dismiss, Dkt. No. 22, and Plaintiff filed an amended complaint, Dkt. No. 23 ("FAC"). Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act by denying him the ability to shop at the Fairfax Market without a mask in April 2021 based on concerns about COVID-19. *See* FAC at ¶¶ 2–3, 10–11, 14–27. Defendant has again moved to dismiss the FAC in its entirety. *See* Dkt. No. 46.

In the process of reviewing Defendant's motion to dismiss, a more fundamental issue arose regarding whether the Court still has subject matter jurisdiction over Plaintiff's ADA claim if the mask mandate at the store has been lifted.[1] The Court issued an order to show cause why (1) the Court retains subject matter jurisdiction over the ADA claim; and (2) if it does not, why the Court should nevertheless exercise supplemental jurisdiction over the remaining Unruh Act claim. *See* Dkt. No. 52.

---

[1] "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists . . . ." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted).

1  Article III of the U.S. Constitution limits the jurisdiction of federal courts to live "cases" or
2  "controversies." U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a
3  'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live'
4  or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568
5  U.S. 85, 91 (2013) (quotation omitted). "Because a private plaintiff can sue only for injunctive
6  relief (*i.e.*, for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged
7  barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs
8  Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). As relevant here, several cases have concluded
9  that claims based on COVID-19 safety policies are moot and federal courts lack subject matter
10 jurisdiction following the lifting of such restrictions. *See, e.g.*, *Pletcher v. Giant Eagle Inc.*, No.
11 CV 2:20-754, 2022 WL 17488019, at *4–8 (W.D. Pa. Dec. 7, 2022) (collecting cases); *cf. Brach v.
12 Newsom*, 38 F.4th 6, 11–15 (9th Cir. 2022) (finding moot plaintiff's request for injunction and
13 declaratory judgment regarding California school reopening plan during COVID-19 pandemic
14 because state had lifted all restrictions on school reopening). Since this case was filed, California
15 has ended its mask mandate and the COVID-19 state of emergency that Defendant relied on when
16 enforcing a mask mandate in his store. *See* Dkt. No. 46 at 3.

17  In response to the order to show cause, Defendant further confirmed that he has ended the
18 mask mandate at Fairfax Market. Defendant communicated with management at the Fairfax
19 Market on February 15, 2022, "informing them that Fairfax Market would be lifting its face
20 covering requirements on February 16th," and to remove the signs previously on the front doors
21 requiring masks. *See* Dkt. No. 54 at 2. In Plaintiff's response to the order to show cause, he does
22 not appear to dispute that if the mask mandate has been lifted, the Court lacks subject matter
23 jurisdiction over the ADA claim. *See* Dkt. No. 53 at 2, & n.1. The Court accordingly finds that
24 Plaintiff's ADA claim is now moot and the Court lacks subject matter jurisdiction over that claim.

25  Plaintiff nevertheless urges that the Court should retain supplemental jurisdiction over the
26 remaining Unruh Act claim. *See* Dkt. No. 53 at 1–2. Under 28 U.S.C. § 1367(a), the district
27 courts have "supplemental jurisdiction over all other claims that are so related to claims in the
28 action within such original jurisdiction that they form a part of the same case or controversy under

Article III." A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). The Court finds that this is the "usual case," and thus in its discretion declines to exercise supplemental jurisdiction over the remaining state law claim.

The Court therefore **DISMISSES** the ADA claim for lack of subject matter jurisdiction and **DISMISSES** the Unruh Act claim without prejudice to Plaintiff pursuing that claim in state court. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 6/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge